UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Esau Jenkins, | ) | C/A No. 3:08-1161-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | Partial |
| vs. | ) | Report and Recommendation |
| | ) | to dismiss one defendant |
| Lynn Murray; | ) | |
| SouthEastern Service Group, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

This is a civil action filed by a *pro se* detainee pursuant to 42 U.S.C. § 1983 for deliberate indifference to a serious medical need.[1] The complaint was served on defendant Lynn Murray (head nurse), and that defendant filed a motion to dismiss which is pending as of the date of this report. The plaintiff filed an amended complaint on May 21, 2008, which added a defendant Southeastern Service Group, Inc.; however, the plaintiff did not send service papers for that defendant nor did the plaintiff provide its address.

## DISCUSSION

By Order filed June 10, 2008, this Court required that the plaintiff provide service papers for the newly added defendant, Southeastern Service Group, Inc. The plaintiff did not comply with the June 10, 2008, Order.[2] The court entered a second proper form Order filed July 18, 2008, giving the

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] It should be noted that on July 2, 2008, the plaintiff filed a separate action pursuant to § 1983 against defendant Southeastern Service Group, Inc., Civil Action No. 3:08-2378-CMC-JRM. That action is substantially similar to this action. The plaintiff has not yet provided defendant Southeastern Service Group, Inc.'s address in that action.

plaintiff twenty (20) additional days to provide the necessary paperwork. The plaintiff did mail to the Clerk of Court a USM-285 and summons which listed the defendant Southeastern Service Group, Inc., but no address was provided. In both proper form orders, the court advised the plaintiff that it would recommend dismissing defendant Southeastern Service Group, Inc. if the plaintiff did not comply with the orders.

## RECOMMENDATION

It is hereby recommended that the defendant, Southeastern Service Group, Inc. be dismissed **without prejudice** for failure to prosecute and to comply with an order of this court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

                                                      s/Joseph R. McCrorey
                                                     United States Magistrate Judge

August 13, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).